IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02363-REB-KLM

CHRISTOPHER CHASE

    Plaintiff,

v.

MARY COX,
ANTHONY DECESARO,
CASE MANAGER WATTS,
DOC STAFF MEMBER JOHN DOE #1, and
DOC STAFF MEMBER(S) JOHN AND/OR JANE DOE(S),
All defendants in their individual capacities,

    Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the **Order to Show Cause** [Docket No. 17; Filed January 27, 2010], and **Plaintiff's Response to Order to Show Cause**, which the Court has construed as Plaintiff's **Motion for the Court to Direct Service or Appoint Counsel** [Docket No. 19; Filed February 18, 2010] (the "Motion").

    In its Order to Show Cause, the Court directed Plaintiff to show cause why the Court should not recommend that the case against Defendant Case Manager John Watts be dismissed pursuant to Fed. R. Civ. P. 4(m) & 41(b). In that Order, Plaintiff was directed to either file proof of service or respond and show good cause for failure to properly serve Defendant Watts, or to provide a current address for Defendant Watts. Plaintiff has responded. In his Response, Plaintiff argues that the Court must effect service because he is indigent and proceeding in this matter *in forma pauperis*. Plaintiff

asks the Court to therefore direct Defendants' counsel to serve Defendant Watts or to appoint him counsel that might assist him with investigating Defendant Watts's location.

It is not Defendants' counsel's responsibility to effect service. The Colorado Department of Corrections ("CDOC") waived service for those Defendants still employed by it, but not for Defendant Watts because he is no longer a CDOC employee. *See* Docket No. 9. Neither the CDOC nor Defendants' counsel is required to accept or waive service for Defendant Watts or otherwise effect service on him. *See* Fed. R. Civ. P. 4(e) (setting forth acceptable means of serving individuals); C.R.C.P. 4(e)(10)(A) (service of process on employee of state of Colorado made by personal service on employee and on attorney general); *see also Edmisten v. McKune*, No. 07-3116-JWL, 2008 WL 640483, at *1 (D. Kan. March 6, 2008) (noting that defendant employer could not accept service on behalf of individuals it no longer employed).

Furthermore, the Court will not appoint counsel to assist Plaintiff in effecting service. First of all, the Court does not have the power to appoint an attorney without the attorney's consent, *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. The Court may seek volunteer counsel for a plaintiff such as this Plaintiff if the Court determines in its discretion that is appropriate to do so. The Clerk of the Court maintains a list of *pro se* cases for which the court is seeking volunteer counsel. Mere placement on this list would not automatically mean that Plaintiff would receive counsel. Rather, placement on the list results in representation being secured for Plaintiff only if counsel <u>volunteers</u> to represent him. Because of the number of cases on the list and the shortage of

volunteer attorneys, placement on the list frequently does not result in counsel being obtained. In such circumstances, despite placement of a case on the list, a *pro se* litigant remains responsible for litigating his case himself.

The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). A further consideration is whether there exists any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979. The fact that Plaintiff is incarcerated and has little access to information that he might use to locate Defendant is a usual circumstance, not a special one. Plaintiff otherwise provides no explanation for why he needs counsel appointed.

Although mindful of the difficulties faced by *pro se* parties, courts and legislating bodies have made a distinction between civil and criminal cases regarding the necessity of counsel. *See, e.g.*, *Mallard*, 490 U.S. at 301 (1989) ("Congress did not intend § 1915[(e)] to license compulsory appointments of counsel . . . ."); *Custard v. Turner*, No. 06-cv-01036-WYD-CBS, 2008 WL 4838564, at *1 (D. Colo. Nov. 6, 2008) (unpublished decision) (noting that the court is without statutory authority to commit federal funds to "require counsel to represent" an indigent civil litigant). Plaintiff chose to bring this civil action voluntarily knowing the limitations he would face due to his lack of legal training

3

and financial status. To the extent that Plaintiff feels that he cannot bear these responsibilities, he may voluntarily dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a). However, while the case is pending, it remains Plaintiff's legal obligation to comply with the Court's Orders and the Federal and Local Civil Rules. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

As the Court explained in its previous Order, while Fed. R. Civ. P. 4(c) requires that the Court effect service of the Summons and Complaint for plaintiffs proceeding *in forma pauperis*, Plaintiff must provide sufficient information for the Court to do so. *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008) (unpublished decision). In his Response and Motion, Plaintiff asks the Court to "direct him how to proceed." *Motion* [#19] at 2. In its Order to Show Cause, the Court already directed Plaintiff how to proceed – by filing proof of service on Defendant Watts, providing further information so that the United States Marshal could effect service, or otherwise showing good cause for his failure to effect service or provide the necessary information. Plaintiff has failed to do any of these three things.

Plaintiff filed his Complaint on October 2, 2009 [Docket No. 3]. Pursuant to Fed. R. Civ. P. 4(m), the deadline for service on Defendant Webster was January 30, 2010. Plaintiff has not effected service or provided sufficient information so that the Court, through the United States Marshal, can effect service on his behalf.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

IT IS FURTHER **ORDERED** that the Order to Show Cause is made **ABSOLUTE**.

4

Plaintiff has failed to show cause as to why the Court should not recommend dismissal of Defendant Case Manager John Watts.

I respectfully **RECOMMEND** that Defendant Case Manager John Watts be **DISMISSED without prejudice**, pursuant to Fed. R. Civ. P. 4(m) & 41(b).

IT IS FURTHER **ORDERED** that pursuant to Fed.R.Civ.P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed.R.Civ.P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: February 22, 2010

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge