IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02363-REB-KLM

CHRISTOPHER CHASE,

      Plaintiff,

v.

MARY COX,
ANTHONY DECESARO,
DOC STAFF MEMBER JOHN DOE #1, and
DOC STAFF MEMBER(S) JOHN AND/OR JANE DOE(S),
All defendants in their individual capacities,

      Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendants Mary Cox and Anthony Decesaro's

**Motion to Dismiss** [Docket No. 12; Filed December 28, 2009] (the "Motion").  Plaintiff

responded [Docket No. 15; Filed January 20, 2010] and Defendant replied [Docket No. 18;

Filed January 28, 2010].   Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR

72.1C.3., the Motion has been referred to this Court for a recommendation.  The Court,

having considered the entire case file and being sufficiently advised, **RECOMMENDS** that

the Motion be **GRANTED**.

## I. Factual  Background and Complaint

      Plaintiff's case arises from an alleged incorrect description of Plaintiff's crime by the

Colorado Department of Corrections ("CDOC") on the inmate locator website maintained

by the CDOC.  *Complaint* [#3] at 4.  Plaintiff, who is proceeding *pro se,* filed this case

pursuant to 42 U.S.C. § 1983 against Defendants on October 2, 2009. Plaintiff claims that the inmate locator website incorrectly described his conviction for "contributing to the delinquency of a minor" as "wrongs to children." *Id.*

Based on Defendants' alleged failure to change the website, Plaintiff raises two claims: (1) a violation of his Eighth Amendment right against cruel and unusual punishment due to Defendants' "deliberate indifference to a substantial risk of serious harm" to Plaintiff and (2) defamation due to Defendants' refusal to change the listing once they were made aware of its alleged inaccuracy. *Complaint* [#3] at 6-10. Plaintiff seeks compensatory damages, punitive damages, and declaratory relief stating that his rights were violated. *Id.* at 12.

Defendants Mary Cox and Anthony Decesaro have asserted a number of grounds to support their Motion.[1] Defendants argue that Plaintiff's claims are barred by the statute of limitations and lack of personal participation. *Motion* [#12] at 4-5. They also assert that Plaintiff has failed to sufficiently allege constitutional claims pursuant to 42. U.S.C. § 1983. *Id.* at 6-7. Finally, Defendants contend that they are entitled to qualified immunity from liability on Plaintiff's request for monetary damages. *Id.* at 11.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive

---

[1] Plaintiff initially sued a third individual named "Case Manager Watts" but the claims against that Plaintiff have been dismissed based on failure to effect service of process pursuant to Fed. R. Civ.P. 4(m). *Recommendation* [#22] at 5; *Order* [#24] at 2.

a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). However, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). "Where a complaint pleads facts that are 'merely

consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft*, 129 S. Ct. at 1949 (citation omitted).

Finally, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

#### A. Statute of Limitations

Defendants argue that Plaintiff's claims are barred by the applicable statute of limitations. *Motion* [#12] at 4. Actions brought pursuant to 42 U.S.C § 1983 are subject to the general personal injury limitation period of that state in which the action arose. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *Hunt v. Bennett*, 17 F.3d 1263, 1265-66 (10th Cir. 1994). In Colorado, the limitation on a personal injury claim brought pursuant to § 1983 is two years. *See* Colo. Rev. Stat. § 13-80-102(1)(g), (i) (creating a two-year limitation period for "[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statue" and for "[a]ll other actions of every kind for which no other period of limitation is provided"); *Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993) (applying Colo. Rev. Stat. § 13-80-102 to a § 1983 claim). By contrast, federal law rather than state law determines when a cause of action accrues. *Indus. Constructors Corp. v.*

*U.S. Bureau of Reclamation*, 15 F.3d 963, 968-69 (10th Cir. 1994). Specifically, claims brought pursuant to § 1983 "accrue, for purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of [the] action." *Hunt*, 17 F.3d at 1266 (quoting *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991)). A plaintiff may have knowledge of an injury even if he is unaware of all of the evidence ultimately relied on for his cause of action. *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993).

Once a defendant satisfies his initial burden to show that a claim is untimely, the burden shifts to plaintiff to establish a later accrual date or to show that there is a basis to toll the accrual date. *Aldrich v. McCulloch Props. Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). While the statute of limitations is an affirmative defense, the issue may be resolved on a motion to dismiss where the application of the limitations period is apparent on the face of the Complaint. *Dummar v. Lummis*, 543 F.3d 614, 619 (10th Cir. 2008).

Plaintiff's claims arise from a listing on the CDOC's inmate locator website describing his conviction for contributing to the delinquency of a minor as "wrongs to children." *Complaint* [#3] at 4. His sole allegation against Defendant Cox is that she "refus[ed] to correct the wrongful label" listed on the CDOC website in response to a kite and grievance filed by Plaintiff in late 2007. *Id.* at 7, 8; *Response* [#15] at 2. Similarly, Plaintiff's sole allegation against Defendant Decesaro is that he failed to "consider [Plaintiff's] Step 3 grievance [filed in mid-2008] requesting" a change of the label on the CDOC's website. *Complaint* [#3] at 8; *Response* [#15] at 3. Because of Defendants' alleged unwillingness to "correct the publicly posted" label, Plaintiff claims that Defendants' conduct violated his Eighth Amendment rights and constituted defamation. *Complaint* [#3]

5

at 8, 10. Plaintiff does not contend, however, that Defendants were responsible for the initial label or that they had authority to change it. *See Complaint* [#3] at 4, 8 (attributing the alleged incorrect label to a John Doe #1).

In support of their Motion, Defendants contend that Plaintiff's claims accrued in May 2002, the date when Plaintiff entered custody and claims to have "immediately suffered from anxiety and fear of being attacked due to the wrongful label placed on" him. *Id.* at 6-7; *Motion* [#12] at 4. They assert that Plaintiff did not file his civil rights Complaint until seven years later. *Motion* [#12] at 5. Thus, they argue that pursuant to the two-year statute of limitations set forth in Colo. Rev. Stat. § 13-80-102, Plaintiff's claims accrued in 2002 and are clearly time barred on the face of the Complaint. *Id.*

In consideration of whether the above satisfies Defendants' burden, I note that while filing a grievance may toll the applicable unexpired statute of limitations pending its resolution, that is not the situation presented here. *See Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007). *But see Rosales v. Ortiz*, 325 Fed. Appx. 695, 699-700 (10th Cir. Apr., 30 2009) (unpublished decision) (refusing to "carve out an exception" for tolling during the exhaustion of state grievance remedies). Defendants claim that Plaintiff's injuries accrued in May 2002, but he did not file any grievance on the issue until October 2007, well after the two-year statute of limitations had expired.

I find that Defendants have satisfied their initial burden of demonstrating that Plaintiff's Eighth Amendment claim is untimely. Therefore, the burden shifts to Plaintiff to establish a later accrual date or raise a basis for tolling the accrual date. *See Aldrich*, 627 F.2d at 1041 n.4. In his Response, Plaintiff asserts that although he learned of the improper posting in May 2002, his claim did not accrue until Defendants' refusal to change

6

the website demonstrated their "deliberate indifference to a substantial risk of serious harm." *Response* [#15] at 2 (referencing *Farmer v. Brennan,* 511 U.S. 825, 847 (1994)). Specifically, he alleges that his claim accrued against Defendant Cox when "she was informed of the substantial risk of serious harm coming to me and she failed to take any action by denying my grievance." *Id.* Additionally, Plaintiff alleges that his claim accrued against Defendant Decesaro when he denied Plaintiff's grievance because Plaintiff "had no way of knowing Defendant Decesaro would fail to take any action to abate a substantial risk of serious harm" until such time. *Id.* at 3.[2]

Considering the allegations contained in the Complaint, I find that the statute of limitations began to run in May 2002 when Plaintiff entered the custody of the CDOC. At that time, Plaintiff knew about the posting that gives rise to the present lawsuit because he was aware of the alleged incorrect characterization of his crime. *See Complaint* [#3] at 4, 6-7. Additionally, Plaintiff was aware, or should have been aware, that his "anxiety and fear of being attacked and ostracized" due to the alleged incorrect label might support a cause of action. *See id.* at 7; *see also Fratus v. DeLand,* 49 F.3d 673, 675 (10th Cir. 1995) (holding that a "civil rights action accrues when 'facts that would support a cause of action are or should be apparent'" (citation omitted)). Plaintiff's unilateral action, i.e., filing a grievance with the CDOC after expiration of the statute of limitations, does not alter the

---

[2] To the extent that Plaintiff also mentions an alleged assault which occurred on April 15, 2009, the Complaint does not appear to allege that Defendants were personally responsible for the assault. *See Complaint* [#3] at 7; *Response* [#15] at 3. Although Plaintiff appears to argue that he could not litigate his injuries from the alleged improper website label until he had suffered a physical injury, Plaintiff could have sought injunctive or declaratory relief for the alleged injury caused by the label at any time after his May 2002 discovery of the website and appropriate exhaustion of administrative remedies, but before expiration of the statute. *See Helling v. McKinney*, 509 U.S. 25, 33 (1993) ("It would be odd to deny an injunction to inmates who plainly proved an unsafe, life-threatening condition in their prison on the ground that nothing yet had happened to them.").

underlying nature of the claim. *See* Colo. Rev. Stat. § 13-80-102(1) (creating a two-year limitation period "regardless of the theory upon which suit is brought"); *see also Baker*, 991 F.2d at 632 (holding that a plaintiff may have knowledge of an injury even if he is unaware of all of the evidence ultimately relied on for his cause of action); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996) (holding that a plaintiff need only have "sufficient notice" not "unequivocal notice" for statute of limitations to accrue). Accordingly, I find that Plaintiff's Eighth Amendment claim accrued in May 2002. Because he filed his grievances and this lawsuit more than two years after that date, his § 1983 claim is barred by the applicable statute of limitations.

The statute of limitations also bars Plaintiff's claim for defamation against Defendants. Plaintiff was aware of the website posting in May 2002 and, pursuant to Colo. Rev. Statute § 13-80-102(1)(a), he had two years from the date on which he knew about the posting to file a defamation claim. *See Full Draw Prod. v. Easton Sports, Inc.*, 85 F. Supp. 2d 1001, 1008 (D. Colo. 2000) (applying § 13-80-102(1)(a) to a defamation (libel) claim). The present action was not filed until seven years after Plaintiff knew about the alleged defamation. *See Complaint* [#3] at 4, 6-7. Accordingly, I find that Plaintiff's claim that the website label defamed him is also barred by the applicable statute of limitations.

To the extent that Plaintiff's argument could be construed to assert the application of equitable tolling to avoid dismissal of his claims, this Court's analysis is governed by Colorado state law. *See Bd. of Regents of Univ. of State of NY v. Tomanio*, 446 U.S. 478, 484-86 (1980). Colorado's equitable tolling provisions are limited to situations where the "defendant's wrongful conduct prevented the plaintiff from asserting his or her claims in a timely manner." *Dean Witter v. Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096 (Colo.

1996).  Additionally, the Colorado Supreme Court recognizes tolling "where extraordinary circumstances make it impossible for the plaintiff to file his or her claims within the statutory period."  *Id. at* 1097; *Olson v. State Farm Mut. Auto Ins. Co.*, 174 P.3d 849, 858 (Colo. Ct. App. 2007).

First, Plaintiff does not contend that either Defendant impeded him from asserting his claims.  Second, Plaintiff has failed to provide any extraordinary circumstance, as defined by the Colorado Supreme Court, that would justify tolling.  The Colorado Supreme Court has described extraordinary circumstances as circumstances beyond the control of the plaintiff.  *See Dean Witter*, 911 P.2d at 1097 (citing *Hanger v. Abbot*, 73 U.S. (6 Wall.) 532 (1867); *Osbourne v. United States*, 164 F.2d 767 (2d Cir. 1947)) *(*noting that the conditions of Japanese interment during World War II and the closure of southern courts during the Civil War are akin to extraordinary circumstances).  Here, Plaintiff's failure to file a grievance or lawsuit prior to the expiration of the appropriate statute of limitations was not beyond his control and, despite his lack of legal knowledge, Plaintiff must be held to the same filing requirements of other litigants.  *See generally Nielson*, 17 F.3d at 1277 (holding that *pro se* litigants must follow the same procedural rules as other litigants); *see also  Viles v. Scofield*, 261 P.2d 148, 149 (Colo. 1953) ("If a [*pro se*] litigant, for whatever reason, sees fit to rely upon his own understanding of legal principles and the procedures involved in the courts, he must be prepared to accept the consequences of his mistakes and errors.").

Finally, to the extent that implication of the continuing violation doctrine can be inferred from a liberal reading of the Complaint, this doctrine has never been found to apply in a § 1983 action.  The continuing violation doctrine is applicable in Title VII cases and allows a plaintiff to challenge incidents that occurred outside the statutory time period "if

such incidents are sufficiently related and thereby constitute a continuing pattern" of civil rights violations. *Hunt*, 17 F.3d at 1266. Construing Plaintiff's allegations liberally, he argues that the continued presence of the label on the CDOC's website coupled with Defendants' failure to adequately respond to the grievance process constitute continuations of his injury. *See Response* [#15] at 3. Plaintiff's argument fails for two reasons. First, while the Tenth Circuit has never explicitly rejected application of the continuing violation doctrine in § 1983 cases; it has held that the doctrine "is simply not applicable to other civil rights actions brought pursuant to Title 42." *Thomas v. Denny's Inc.*, 111 F.3d 1506, 1514 (10th Cir. 1997) (rejecting the doctrine's application to 42 U.S.C. § 1981 claims). Second, Plaintiff's cause of action accrued in May 2002 when he learned of the improper listing on the CDOC website. *See Complaint* [#3] at 4, 6-7. Neither the use of the CDOC grievance process or any subsequent injury from the website's label changed the underlying nature of the Complaint, namely that the label itself constituted the violation. *See generally Del. State Coll. v. Ricks*, 449 U.S. 250, 261 (1980) (holding that the grievance process for an employment suit did "not toll the running of the limitations period"). Therefore, Plaintiff's claims do not fall within the continuing violation doctrine exception.[3]

Accordingly, I find that Plaintiff's Eighth Amendment and defamation claims are time barred and subject to dismissal on this basis alone.

### B. Personal Participation

Regardless of the application of the statute of limitations to bar Plaintiff's Eighth

---

[3] Even liberally construing the Complaint, Plaintiff does not appear to allege a continuing violation theory to toll the statute of limitations regarding his defamation claim. *See Response* [#15] at 4; *see also Whitney*, 113 F.3d at 1173-74 (noting that the court should not supply factual or legal arguments for *pro se* party). Accordingly, Plaintiff's defamation claim cannot be saved under this theory.

Amendment claims, I find that the Complaint fails to allege the personal participation of Defendants in relation to his alleged Eighth Amendment injuries. *See Bennett v. Passic*, 545 F.2d 1260, 1262-1263 (10th Cir. 1976) (holding that evidence of a party's "[p]ersonal participation is an essential allegation in a § 1983 claim"). The claims against Defendants are limited to their participation in the grievance process, specifically that Defendant Cox denied Plaintiff's Step 2 grievance and that Defendant Decesaro refused to consider Plaintiff's Step 3 grievance. *See Complaint* [#3] at 7. Given the nature of the allegations against Defendants, Plaintiff's claim fails because he does not appropriately attribute conduct committed by either Defendant which led to a constitutional injury. First, Plaintiff does not allege that either Defendant posted the incorrect information on CDOC's website. *Id.* Rather, Plaintiff claims that the posting was made by a John Doe Defendant. *Id.* at 4, 8. Second, mere participation in the grievance process is an insufficient basis for asserting a violation of constitutional rights. *See Thomas v. Ortiz,* 07-cv-00400-WDM-MEH, 2007 WL 3256708, at *4 (D. Colo. Nov. 1, 2007) (unpublished decision) (holding that official deriving his knowledge of plaintiff's alleged injury from the grievance process is not personally liable unless he was directly involved in the alleged unlawful decision). Finally, Plaintiff does not appear to allege that Defendants supervised or had any control over the individuals who posted the alleged incorrect label. *See generally Ashcroft*,129 S. Ct. at 1948. Regardless, to the extent that Plaintiff intended to assert supervisory liability against Defendants based on their participation in the grievance process, mere participation in the grievance process is an insufficient basis for holding a supervisor liable for acts of his agents. *Id.* ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior."*); *Serna v. CDOC*, 455 F.3d 1146,

1151 (10th Cir. 2006) ("[T]he supervisor must be personally 'involved in the constitutional violation,' and a 'sufficient causal connection' must exist between the supervisor and the constitutional violation." (quoting *Rios v. City of Del Rio*, 444 F.3d 417, 525 (5th Cir. 2006)); *see also Boles v. Dansdill*, No. 05-cv-01661-PSF-CBS, 2007 WL 2770473, at *12 (D. Colo. Sept. 20, 2007) (unpublished decision) (noting that prison official cannot be held personally liable for the alleged harm to the prisoner based on supervisory role in grievance process).

Additionally, regardless of the application of the statute of limitations to bar Plaintiff's defamation claim, I find that this claim similarly fails due to the lack of any allegations that Defendants were personally involved in the alleged defamation. *See Howard v. Las Animas County Sheriff's Office*, 09-cv-00640-PAB-KLM, 2010 WL 1235668, at *8 (D. Colo. Feb. 23, 2010) (unpublished decision) (holding that plaintiff's defamation allegations were insufficient because he did not "identify" which Defendants were responsible for the alleged conduct). Plaintiff alleges that John Doe Defendant #1 "incorrectly labeled [his] crime." *Complaint* [#3] at 6. Defamation requires, in part: "(1) a defamatory statement concerning another; (2) published to a third party; (3) with fault amounting to at least negligence on the part of the publisher . . . ." *Bustos v. United States*, 257 F.R.D. 617, 621 (D. Colo. 2009). Plaintiff acknowledges that neither Defendant Cox nor Decesaro published the alleged defamation, therefore, his claim against Defendants fails as a matter of law.

Accordingly, even if the statute of limitations did not bar Plaintiff's claims, they would be subject to dismissal due to the failure to allege sufficient personal participation.

### C. Unserved John Doe Defendants

Defendants John Doe #1 and John and/or Jane Doe(s) ("John Doe Defendants")

have not been served with the Summons and Complaint in this action and, therefore, are not currently proper parties. The Complaint was filed on October 2, 2009 [Docket No. 3]. By an Order dated October 26, 2009 [Docket No. 8], the United States Marshal was directed to serve a copy of the Summons and Complaint on all Defendants in the above-captioned matter. On November 2, 2009, the Summons was returned unexecuted for John Doe for Defendants [Docket No. 9]. While Fed. R. Civ. P. 4(c) requires that the Court effect service of the summons and complaint for plaintiffs proceeding *in forma pauperis*, Plaintiff must provide sufficient information for the Court to do so. *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008) (unpublished decision).

Fed. R. Civ. P. 4(m) authorizes the Court to dismiss a party's case for failure to timely serve a summons and complaint unless the party can show good cause for his failure. Although the Court may extend the time for a plaintiff to serve a defendant even without a showing of good cause, *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995), the Court is not inclined to do so here. The case has been pending since October 2, 2009, and it relates to an incident that allegedly occurred in May 2002. Given my Recommendation that any alleged claims related to the website label would be barred by the applicable statute of limitations, good cause for an extension of the service deadlines is not apparent.

As is generally the case with dismissal pursuant to Rule 4(m), the Court recommends dismissal without prejudice. However, I note that even a dismissal without prejudice "can be an extreme sanction if the statute of limitations bars refiling." *Florence v. Decker*, 153 Fed. Appx. 478, 480 (10th Cir. Oct. 28, 2005) (unpublished decision). On

these pleadings, Plaintiff is procedurally barred from pursuing his claims. Therefore, dismissal of John Doe Defendants may operate, in essence, as a dismissal with prejudice.

Under such circumstances, where Plaintiff may be barred from refiling by the applicable statute of limitations, a court must "explain why it imposed the extreme sanction of dismissal." *Woodmore v. Git-N-Go*, 790 F.2d 1497, 1499 (10th Cir. 1986); *see also Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992) (dismissal without prejudice when the statute of limitations has run operates as an extreme sanction which should only be levied when lesser sanctions would not serve the interests of justice). Here, I find that it would be highly prejudicial for any Defendant to be hailed into court now more than eight years after the complained-of event, well after the case was filed, and after the filing of a Recommendation that Defendants Cox and Decesaro be dismissed based, in part, on the statute of limitations. I further find that given the chronology of events as reported by Plaintiff and the corresponding dubious nature of his claims, dismissal would not impede the interests of justice. Accordingly, I recommend that Plaintiff's case be dismissed in its entirety.

### IV. Conclusion

For the aforementioned reasons, I respectfully **RECOMMEND** that Defendants' **Motion to Dismiss** [#12] be **GRANTED** and that the case against them be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). I further **RECOMMEND** that the case be dismissed without prejudice as to the John Doe Defendants pursuant to Fed. R. Civ. P. 4(m).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written

objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: May 26, 2010

BY THE COURT:
 s/ Kristen L. Mix
U.S. Magistrate Judge